UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

GERDAU AMERISTEEL US INC.,           CASE NO. 9:20-cv-82217-DMM

      Plaintiff,

v.

ZURICH AMERICAN INSURANCE
COMPANY,

      Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE ZURICH AMERICAN INSURANCE COMPANY'S EXPERT WITNESS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Gerdau Ameristeel US Inc. ("Gerdau") hereby moves for an Order striking or excluding the testimony of Defendant Zurich American Insurance Company's ("Zurich") expert Stephen D. Johnson, Esq. and in support thereof states as follows:

**INTRODUCTION**

This is an insurance coverage action in which Gerdau has challenged Zurich's interpretation of the self-insured retention endorsement ("SIR Endorsement") contained in several Zurich insurance policies. Gerdau alleges the SIR Endorsement is ambiguous in several respects and, as such, should be read against Zurich as its drafter. Zurich asserts its interpretation of the SIR Endorsement is the only reasonable one.

Gerdau's position is that the interpretation of the SIR Endorsement is an issue of law for the Court. As such, Zurich's attempt to use an expert to opine that the SIR Endorsement is "clear on its face" is an improper use of expert testimony and therefore the testimony of Zurich's expert should be excluded.

## ARGUMENT AND CITATION OF AUTHORITY

I. **Improper Expert Opinions Should Be Stricken**

Expert testimony is proper to aid the trier of fact in areas of special, scientific or technical facts. *See Thscaloosa* v. *Hareros Chemicals, Inc.,* 158 F.3d 548, 562 (11th Cir. 1998). Where an expert's testimony will not aid the trier of fact in understanding factual issues, the expert may be stricken. *See United States* v. *Frazier.* 387 F.3d 1244. 1266 (11th Cir. 2004). An expert is not permitted to make conclusions of law, which is the role of the Court. *See, e.g., United States v. Long*, 300 Fed. Appx. 804, 814 (11th Cir. 2008) ("An expert witness may not testify as to his opinion regarding ultimate legal conclusions"); *Montgomery* v. *Aetna Cas. & Sur. Co.,* 898 F.2d 1537, 1541 (11th Cir. 1990); *Zurich Am. Ins. Co. v. Amerisure Ins. Co.*, Case No. 9:16-CV-81393-MIDDLEBROOKS, 2017 WL 1372858, at * 2 (S.D. Fla. Feb. 13, 2017).

II. **Insurance Policy Interpretation is Strictly a Question of Law and is Not Subject to Opinion Testimony**

Under Florida law, the interpretation of an insurance contract is a matter of law to be decided by the Court. *See, e.g., Gulf Tampa Drydock Co. v. Great Atl. Ins. Co.*, 757 F.2d 1172, 1174 (11th Cir. 1985); *Jones v. Utica Mut. Ins. Co*., 463 So. 2d 1153, 1157 (Fla. 1985). Accordingly, courts routinely strike expert testimony attempting to interpret an insurance policy. S*ee, e.g., Montgomery*, 898 F.2d at 1540 ("[u]nder Florida law, the construction of an insurance policy is a question of law for the court"); *Zurich Am. Ins. Co.*, 2017 WL 1372858, at * 2 ("It is the responsibility of the Court, not a witness, to interpret and determine the significance of legal documents"); *Clarendon Am. Ins. Co. v. Bayside Rest., LLC*, No. 8:05-cv-1662-T-17-TGW, 2006 WL 3337499 at *2 (M.D. Fla. Sept. 25, 2006) ("[T]his Court . . . does not see the relevance of expert testimony concerning the issue of interpreting an insurance policy.

2

Furthermore, this Court does not look to engage in a 'battle of the experts' on an issue that is ultimately to be decided as a matter of law."); *Am. Home Assur. Co. v. Devcon Intern., Inc.*, No. 92-6764-CIV, 1993 WL 401872, at *4 (S.D. Fla. September 28, 1993) (striking the affidavit of an insurance expert making legal conclusions); *Certain Underwriters at Lloyd's Subscribing, Etc. v. Capri of Palm Beach, Inc.*, 932 F. Supp. 1444, 1447 (S.D. Fla. 1996) ("[u]nder Florida law, interpretation of an insurance contract, including determination and resolution of ambiguities, is a matter of law to be decided by the Court"); *Nova Cas. Co. v. Waserstein*, No. 04-20755-CIV, 2005 WL 5955694, at *3 (S.D. Fla. Sept. 7, 2005) (striking expert testimony because "the opinions of percipient or expert witnesses regarding the meaning(s) of contractual provisions are irrelevant and hence inadmissible"); *Harbor Communities, LLC v. Landmark Am. Ins. Co*., No. 07-14336-CIV, 2008 WL 5532021 (S.D. Fla. Aug. 7, 2008) (striking an expert's report opining that a claim was covered by an insurance policy).

### III.     Zurich's Expert Testimony Is Improper

A copy of Zurich's expert witness disclosure is attached as Exhibit A.  As is clear from the disclosure, the purpose of Mr. Johnson's testimony is to interpret the Zurich policy.  The disclosure states that Mr. Johnson will testify that the SIR Endorsement "is clear on its face".  See Ex. A at p.7.  It is the Court's responsibility to determine whether the Zurich policy language is clear or ambiguous, not an expert witness.

Zurich further states that Mr. Johnson will testify that Zurich applied "the SIR Endorsement consistently and correctly" and that Mr. Johnson's review of the file indicated that Gerdau's prior conduct implied agreement with Zurich's application of the SIR Endorsement.  See Ex. A at p.9.  Again, the determination of whether Zurich's interpretation of the SIR Endorsement

is correct, or whether there are reasonable alternative interpretations of the SIR Endorsement, are issues of law for the Court.  Further, if the Court determines the SIR Endorsement is subject to two or more reasonable interpretations, the provision is deemed ambiguous as a matter of law, and extrinsic evidence cannot be admitted to resolve such an ambiguity.  *See Washington Nat. Ins. Corp. v. Ruderman*, 117 So.3d 943, 952 (Fla. 2013) (holding that ambiguities in an insurance policy "must be construed against the insurer and in favor of coverage without resort to consideration of extrinsic evidence"); *The Lebbin-Spector Family Trust v. Transamerica Life Ins. Co.*, Case No. 18-CV-80558-MIDDLEBROOKS (S.D. Fla. July 19, 2019), at *16 (citing *Ruderman* in rejecting insurer's attempts to use extrinsic evidence to resolve a policy ambiguity).  Thus, Mr. Johnson's opinions regarding whether he believes Gerdau impliedly acquiesced to the "true up" process are irrelevant and improper.

The third area in which Zurich seeks to use Mr. Johnson's testimony is to support Zurich's argument that it should not be subject to a "penalty" for failing to obtain approval of the SIR Endorsement by the Florida Office of Insurance Regulation.  See Ex. A at p.9.  Again, Zurich seeks to use Mr. Johnson to bolster a legal argument on a pure issue of law, and such testimony is inadmissible and improper.  The implications of Zurich's failure to obtain regulatory approval for the SIR Endorsement is an issue of law for the Court.

In sum, the entirety of Mr. Johnson's proposed expert testimony consists of improper legal conclusions which are inadmissible.  The law is clear that these opinions all invade the province of the Court and have no proper place in an insurance coverage action concerning the interpretation of an insurance policy provision.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court this Court strike the opinions and testimony of Stephen D. Johnson, Esq. in their entirety, as well as any other relief that this Court deems equitable and just.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(A)(3), undersigned counsel hereby certifies that he conferred with counsel for Zurich in a good faith effort to resolve by agreement the issues raised in the motion, and Zurich opposes the relief sough herein.

This 4th day of May, 2021.

    Respectfully submitted,

    FRIEDMAN P.A.

    */s/ Robert H. Friedman*
    Robert H. Friedman
    Florida Bar No. 25994
    rob@friedmanpa.com
    340 Royal Poinciana Way
    Suite 317-202
    Palm Beach, FL  33480
    Telephone:   (561) 800-2110
    Facsimile:   (561) 246-3413

    Counsel for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

GERDAU AMERISTEEL US INC.,   CASE NO. 9:20-cv-82217-DMM

    Plaintiff,

v.

ZURICH AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed with the Clerk of the Court **Plaintiff's Motion To Strike Zurich American Insurance Company's Expert Witness And Incorporated Memorandum Of Law** using the CM/ECF system which will automatically send e-mail notification to the attorneys of record in this litigation.

This 4th day of May, 2021.

                                            */s/ Robert H. Friedman*
                                            Counsel for Plaintiff