UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No: 20-82217-MIDDLEBROOKS

GERDAU AMERISTEEL US INC.,

    Plaintiff,

v.

ZURICH AMERICAN INSURANCE COMPANY,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss, which is fully briefed. (DE 16, DE 24, DE 26). In his lawsuit, Plaintiff seeks to recover monetary damages from Defendant (an insurance company) for breach of contract in connection with Defendant's failure to provide coverage to Plaintiff in connection with three currently disputed claims. These claims revolve around a provision in the insurance policies called the Self-Insured Retention Endorsement ("SIR Endorsement"), which Plaintiff alleges is ambiguous. (DE 1 at 2, 9). Plaintiff asserts that the SIR Endorsement governs an ongoing relationship between it and Defendant. For this reason, in addition to seeking damages, Plaintiff also seeks a declaratory judgment as to the Parties' rights and obligations under policies containing this same provision. In the present Motion, Defendant argues that the declaratory judgment claim should be dismissed as redundant and unnecessary because it is duplicative of the breach of contract claim. (DE 16).

Under the Declaratory Judgment Act, a court may, "in a case of actual controversy[,] . . . declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C § 2201(a). "[D]istrict courts possess discretion

in determining whether and when to entertain an action under the Declaratory Judgment Act ....” *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). However, "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. Indeed, Rule 8 expressly permits pleading alternatively. Fed. R. Civ. P. 8(d)(2). Moreover, the mere fact that a claim is redundant and/or unnecessary does not in and of itself constitute grounds for dismissal under Rule 12(b)(6) for failure to state a claim. Thus, Plaintiff's declaratory judgment claim is not subject to dismissal merely because it factually mirrors the breach of contract claim.

I note that the Parties identify no Eleventh Circuit guidance bearing upon the issue raised in Defendant's motion, and I am not aware of any. However Defendant points to numerous district court decisions in which courts have dismissed declaratory judgment claims which factually overlap with a breach of insurance contract claim. (DE 16 at 4-6).[1] In exercising my discretion regarding dismissal of this claim, I will consider (1) whether Plaintiff can secure full, adequate and complete relief without a declaratory judgment, and (2) the extent to which dismissal would serve judicial economy.

With respect to the first factor, it appears that regardless of whether Defendant is found to have breached the policy in the instances cited in Plaintiff's Complaint, Plaintiff may still stand to

---

[1] *See Nahmad v. AIG Prop. Cas. Co.*, 2019 WL 7971655, at *2 (S.D. Fla. Apr. 25, 2019), *Berkower v. USAA Cas. Ins. Co.*, 2016 WL 4574919 (S.D. Fla. Sept. 1, 2016), *Fernando Grinberg Tr. Success Int. Properties LLC v. Scottsdale Ins. Co.,* 2010 WL 2510662 (S.D. Fla. June 21, 2010); *Al-Ad Residences at Miramar Condo. Assoc., Inc. v. Mt. Hawley Ins. Co*., 2009 WL 3019786 (S.D. Fla. Sept. 23, 2009), *Regency of Palm Beach, Inc. v. QBE Ins. Corp*., 2009 WL 2729954 (S.D. Fla. Aug. 25, 2009).
Indeed I have granted motions to dismiss declaratory judgment claims on this basis. *See Gotthoffer v. Hartford Ins. Co. of the Midwest*, 2020 WL 6326152 (S.D. Fla. Mar. 31, 2020); *Slaine v. Aig Prop. Cas. Co.*, 2019 WL 8989667 (S.D. Fla. Nov. 15, 2019).

benefit from a declaratory judgment as to its rights under other policies containing this language. Plaintiff alleges that Defendant "has taken varied and inconsistent positions" regarding application of the SIR Endorsement. (DE 1 at 6). Plaintiff further argues that the provision is "convoluted and hopelessly ambiguous as to how the parties are to handle claims, how and when defense costs are paid, advanced, and 'trued up,' and how the parties' ultimate responsibility for payment of claims is calculated." (DE 24 at 4).

The cases upon which Defendant relies are distinguishable in that they generally involved straightforward disputes in which there was no prospective or forward-looking benefit to the plaintiffs which would justify pursuing declaratory judgment relief. In other words, the declaratory judgment claim was completely subsumed by the breach of contract dispute. Plaintiff points out that the policies in this case are different, in that they are "operative, occurrence-based" policies, meaning that they "do[]not expire, and [Defendant] must respond to liability claims years or even decades after the policies were purchased." (DE 24 at 3). Thus, "future claims that have not yet been made also may be impacted by the Court's declarations." (DE 24 at 3). Notably, Defendant does not appear to dispute that a likelihood exists that future claims will be impacted by the resolution of Plaintiff's breach of contract claim. *See* DE 16 at 7 ("an adjudication of the breach of contract count shall serve to govern any future disputes, if any, concerning the application of the SIR Endorsement to claims settled by [Plaintiff] that are subject to a . . . policy with the identical SIR Endorsement."). Accordingly, it appears that a declaration as to the Parties' rights and obligations under the SIR Endorsement will impact other pending claims as well as future claims governed by the same policy language. Although Defendant would prefer to simply adjust its future conduct to conform to the manner in which I interpret the SIR Endorsement with respect to the three insurance claims specifically identified in Plaintiff's complaint, in my view a

3

declaratory judgment is more appropriate under these circumstances. I will therefore allow it as a necessary means of ensuring that Plaintiff is afforded complete relief.

Moreover, I am not concerned about any adverse impact on judicial economy by allowing Plaintiff to pursue declaratory judgment relief. Resolving the breach of contract claim will require the Parties to litigate many (if not all) of the same issues of interpretation of policy language that are the focus of the declaratory judgment claim. Thus, I will inevitably have to interpret the SIR Endorsement within the context of the breach of contract, and the decisions I make are likely to involve substantial overlap with, and will serve to inform, my resolution of the declaratory judgment claim.

Finally, I reject Defendant's argument that the declaratory judgment claim requests an improper advisory opinion concerning "unidentified future claims involving unknown facts." (DE 26 at 1-2). "Consistent with the 'cases' and 'controversies' requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an 'actual controversy.'" *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir.1999). *See also Miccosukee Tribe of Indians of Fla. v. Kraus–Anderson Const. Co.*, 607 F.3d 1268, 1275 n. 14 (11th Cir. 2010). But federal courts long have held that the Declaratory Judgment Act is an appropriate vehicle through which to determine litigants' rights and/or liabilities arising from contracts of insurance. *See, e.g., Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937). This case involves an actual and substantial continuing controversy touching upon the relationship between two parties who have adverse legal interests; it is not a dispute which is hypothetical, abstract, or contrived. Thus, the legal issues presented here are sufficiently definite and concrete to satisfy constitutional ripeness standards.

**Conclusion**

Based upon the foregoing, it is **ORDERED AND ADJUDGED** Defendant's Motion to Dismiss (DE 16) is **DENIED.**

**SIGNED** in Chambers in West Palm Beach, Florida, this 25th day of May, 2021.

Donald M. Middlebrooks
United States District Judge